[No. 14489.    Department One. — December 30, 1892.]

## JOHN HEINLEN, RESPONDENT, *v.* AUGUST HEIL- BRON ET AL., APPELLANTS.

APPEAL — REVIEW OF CONFLICTING EVIDENCE — INSUFFICIENCY OF EVI- DENCE. — If there is any evidence in support of the findings of the trial court, no inquiry can be made upon appeal respecting the preponderance of conflicting evidence. It is only where there is no evidence in the record in support of the findings that the decision of the trial court will be reversed upon the ground that it is unsupported by the evidence.

BOUNDARIES — RELATIVE LOCATION OF RIVER AND OF LAND — QUESTIONS OF FACT — COMPETENCY OF WITNESSES — SURVEY. — The location of a river with reference to a tract of land, and whether any particular tract of land is upon one or the other side of the river, are questions of fact to be determined by the testimony of witnesses, and may be established by the evidence of witnesses having a knowledge of the river and of the land, although they may not have made a survey thereof. The compe- tency of the witnesses and their knowledge of the subject are proper subjects of cross-examination and of determination by the court, as is also the extent and accuracy of any survey of the land which may be testified to.

ID. — EVIDENCE OF SURVEYOR — COMPLETENESS OF SURVEY. — Where a wit- ness testified that he had made an actual survey of certain lands in con- troversy, and that they were situated to the south and east of a river which formed the south and east boundaries of a section of land which embraced the lands so surveyed, it is not essential that he should have surveyed around the whole section in order to determine the location of the lands in question, and his failure to do so does not warrant the rejection of his testimony.

SWAMP-LANDS — STATE PATENT — EVIDENCE — PREREQUISITE STEPS — SUR- VEY OF LANDS — APPEAL — ERROR WITHOUT PREJUDICE. — A state patent to swamp-lands is the highest evidence of the transfer from the state of its title to the lands included in the patent, and is also evidence that all the steps prescribed for its issuance, including the survey, had been properly taken, and supersedes all proof of the previous steps; and the introduction of such a patent in evidence renders immaterial any pre- vious error in the rejection of evidence of the survey of the lands em- braced in the patent.

NEW TRIAL — DISQUALIFICATION OF JUDGE — PURCHASE OF OTHER LANDS IN VICINITY — INSUFFICIENT AFFIDAVITS. — Affidavits showing that after the submission of the cause, and prior to his decision, the judge to whom the cause was submitted purchased lands in the vicinity of the boundary of the main tract, but several miles distant from the lands involved in the action, without showing that the title thereto depended upon the evidence or the law involved in determining the rights of the parties to the action, do not make out a case of disqualification of the judge, in support of a motion for a new trial.

ID. — COMPETENCY OF JUDGE — PRESUMPTION IN FAVOR OF OFFICIAL IN- TEGRITY — PROOF OF DISQUALIFICATION. — The fact that a judge has acted in the trial and decision of a cause must be held conclusive that in

| 97 | 101 |
| 99 | 285 |
| 97 | 101 |
| 115 | 335 |
| 97 | 101 |
| 121 | 104 |
| 97 | 101 |
| 140 | 278 |
| 141 | 457 |

his own opinion he was competent to° act, and in such a case he who would attack his right to act therein must show his disqualification by facts of a positive and unequivocal character. The presumption which attaches to the integrity of any act which he may perform under the sanction of his official oath cannot be overcome by inference or conjecture.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a motion for a new trial.

The facts are stated in the opinion of the court.

*H. H. Welsh,* and *Daggett & Adams,* for Appellants.

*G. A. Heinlen,* and *R. E. Houghton,* for Respondent.

HARRISON, J. — Action to quiet title.

The plaintiff claims title to the lands in question by virtue of certain patents issued to him by the state of California, and the defendants claim that the lands are included within the boundaries of the Rancho Laguna de Tache, of which they are the owners. The lands in question were listed and patented to the state of California by the United States as a portion of the swamp and overflowed lands granted by the act of Congress of September 28, 1850, while the patent for the Rancho Laguna de Tache was issued upon a grant made by the Mexican government in January, 1846, to Manuel Castro, and subsequently confirmed to him by the United States court, and the question controverted before the court below was, whether the lands in question were a portion of those embraced in the patent for the rancho. The lands included in this patent are described as bounded on the south and east by the meanders of Kings River, so that the real question to be determined was the location of Kings River. The court found that the plaintiff was the owner of the lands in controversy, and that the defendants have no interest therein, and rendered judgment in favor of the plaintiff, from which, and from an order denying their motion for a new trial, the defendants have appealed.

1. In their motion for a new trial the defendants assigned as one of the grounds the insufficiency of the evidence to justify the decision of the court, and specified as the particulars thereof that the evidence showed that the lands were a portion of the Rancho Laguna de Tache.

The finding of the court of the ultimate fact that the plaintiff was the owner of the lands in question includes, as one of the probative facts upon which it depends, the fact that the lands in question are situated to the south and east of Kings River, and this probative fact is the point of attack made by the appellants upon the findings of the court. But upon this controverted point there was testimony upon both sides before the court, and it is a sufficient answer to the appeal that the court has heard the evidence and rendered its decision thereon. Upon an appeal from that decision no inquiry can be made respecting the preponderance of evidence. If there be any evidence in support of the finding, the action of the court must be affirmed. It is only when there is no evidence in the record in support of a finding that a decision of the trial court will be reversed upon the ground that it is unsupported by the evidence.

The location of Kings River with reference to any particular tract of land was a question of fact to be determined upon the testimony of witnesses. Whether any particular section or tract of land is upon one or the other side of the river was also a question of fact, and the determination of these facts depended upon the knowledge which the witnesses had of the river and the land. If the land were a well-defined inclosure, it would be open to the observation of any one, while if its location depended upon an actual survey, it would be more difficult of ascertainment. It cannot be assumed, however, that the location of a township section can be shown only by one who has made an actual survey of its lines. It may be that its position is established by boundaries as definite and well known as those between two co-terminous states or nations. Upon the trial herein,

there was much positive testimony that the lands in question were situated upon the south and east of Kings River, and unless there was evidence to the contrary sufficient to overcome the effect of this testimony, the trial court was justified in so finding. The competency of the witnesses to so testify, as well as their knowledge of the subject, were open to the cross-examination of the opposite party, and it was for the court to determine, after such examination, how much weight was to be given to their testimony. Similar testimony was also given by Norboe, a surveyor, called on behalf of the plaintiff, who also testified that he had made an actual survey of the lands in question, and that they were situated to the south and east of Kings River. The extent and accuracy of such survey was also to be passed upon by the court, and his testimony is not to be entirely rejected because he did not run around the whole section with a compass and chain. If he had ascertained that the north and west lines of the section were to the south and east of· the meanders of Kings River, the location of the other lines of the section was not essential in order to determine whether the section was included within the rancho.

It was claimed by the defendants that what is sometimes called Button Willow Slough is in reality Kings River, and is the line of boundary designated as Kings River upon the map attached to the patent. On the other hand, it was claimed that Kings River, as delineated upon that map, is located to the north and west of Button Willow Slough. In support of their contention, the defendants called a surveyor, Choice, who did not profess to have made any survey of the lands in question, but testified merely that he had compared the plat of a survey made by him with the map attached to the patent of the rancho, and that the lines agreed very closely, " except at the lower end, where there was some difference." He also testified that at this end there was a difference of a half-mile in the location of Button· Willow Slough; that the map on the patent located it a

half-mile farther west than he did.   This in reality cor-
roborated Norboe's evidence, and when Choice was in-
terrogated thereto, he testified that he was unable to say
that the survey incorporated in the patent followed But-
ton Willow Slough.   The trial court had before it the
witnesses, as well as various maps and diagrams offered
in evidence.   The statement used upon the motion for
a new trial speaks in many places of references made by
witnesses to these maps and diagrams, by pointing to
places and lines thereon which are not reproduced in
the record before us, but which we must assume were
pertinent to the decision, and may have given weight to
the plaintiff's contention.   There was at least such a
conflict in the evidence that we would not be justified in
attempting to review its sufficiency.

2.  Upon the trial of the cause, the plaintiff offered in
evidence two diagrams, each of which purported to be a
" certified copy of a copy " of a swamp-land survey, to
which the defendants objected, upon the ground that the
same was irrelevant, and immaterial and incompetent,
in that it was not a certified copy of an original docu-
ment, but merely a certified copy of a copy.   This objec-
tion was overruled, and the action of the court is now
assigned as error.

It is unnecessary for us to determine whether these
documents were admissible in evidence in the form in
which they were presented, inasmuch as at a later stage
of the trial the plaintiff offered in evidence the patents
from the state for the land embraced in the surveys.
The evident object of introducing the copies of the sur-
veys was to show the several steps by which the plaintiff
had become entitled to the patent for the lands therein
described; but as the patents were themselves the high-
est evidence of the transfer from the state of its title to
the lands, and also evidence that all the steps prescribed
for their issuance, including the survey, had been prop-
erly taken, they superseded all proof of these previous
steps, and rendered any evidence thereof immaterial and
unnecessary.   Even if it should be regarded that the

evidence was incompetent, it would not diminish the effect of the patent, and inasmuch as the patent itself was the highest evidence of the transfer of the state's title, these documents could not add to its effect. The error, therefore, if any there was, was innocuous.

3. Upon the motion for a new trial, the defendants presented certain affidavits for the purpose of showing that the judge who had tried the cause was disqualified to sit or act. in the case, and that his decision therein was therefore without any authority, and should have been set aside. These affidavits are to the effect that after the submission of the case, and prior to his decision, he purchased certain lands in the vicinity of Kings River, which the defendants claim to be a portion of the Rancho Laguna de Tache.

They do not, however, present any facts from which it can be seen that his title to those lands in any respect depends upon the evidence or law involved in determining the rights of the parties to this action, or which were litigated herein; and we cannot assume that the facts or law involved in any controversy that may arise respecting his title thereto are the same as those here involved. Those lands are several miles distant from the lands involved in this action, and for aught that is shown by the affidavits, the title thereto may depend upon facts entirely distinct from those here presented. The main question in this case, as we have seen, was the location of Kings River in the vicinity of the lands claimed by the plaintiff, it being contended, on the one hand, that Button Willow Slough is a branch of that river, and the line designated on the patent for the rancho as one of its boundaries, and on the other hand, that it is a distinct and independent water-way. Button Willow Slough, however, terminates many miles to the south of the lands claimed to have been purchased by the judge, and the determination of its location cannot be involved in any controversy that may arise between him and the defendants.

While it is essential that a judge before whom a cause

is tried shall be wholly disinterested in the result in order that his decision may be entirely impartial, it must at the same time be considered that any person who holds the responsible position of a judge will always be sensitive to any suggestion of his interest in a matter before him, and quick to free himself from any opportunity of acting in a case in which he is disqualified. It must also be considered that the same desire to be faithful to his office which will cause him to decline to sit or act in such a case will be his reason for acting in any case in which he is not disqualified. He has no more right to refuse to act in a matter before him where he is not disqualified, than he has to act in a cause in which he is disqualified, either from interest or from any other reason. The fact that a judge has acted in the trial and decision of any cause must be held conclusive that in his own opinion he was competent to act, and in such a case he who would attack his right to act therein must show his disqualification by facts of a positive and unequivocal character. The presumption which attaches to the integrity of any act which he may perform under the sanction of his official oath cannot be overcome by inference or conjecture. As the facts presented in the affidavits herein do not sustain the charge against the judge of interest in the question litigated before him, they cannot be considered as a ground for setting aside his decision.

The judgment and order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.