[Sac. No. 1273. In Bank.—June 28, 1906.]

ROSE H. HOYT, Administratrix of Estate of George M. Zumwalt, Deceased, Respondent, v. C. T. ZUMWALT, Appellant.

EJECTMENT BY ADMINISTRATRIX — PROPERTY OF DECEDENT — ADVANCEMENT—DEFENSE—TRUST FOR FATHER—SUPPORT OF FINDINGS.—In an action of ejectment by the administratrix of a deceased brother of the defendant, who had ousted the plaintiff, where the evidence was sufficient to show that the property had been deeded to the plaintiff by the owner for a consideration advanced by their father

to the decedent upon his marriage, in consideration of an agreement that the father, who was separated from his wife, should make a home with him, which was done for three years, after which the father shot his wife and son, and while in jail made a deed to the defendant, who claimed in defense a trust of the decedent for his father, findings for the plaintiff were held sufficiently supported by the plaintiff's evidence, corroborated by respectable and disinterested witnesses.

Id.—Adverse Possession—Residence of Father with Son—Ouster by Subsequent Grantee—Prescription not Shown.—There was no adverse possession of the father while he remained an inmate of the family of the deceased son under the agreement for an advancement of the consideration to the son and for support in the son's family upon the land; and the only adverse possession was that of the defendant, who ousted plaintiff under the subsequent deed from the father, which was of too short duration to constitute a prescriptive title.

Id.—Evidence—Admissions of Wife after Grant to Husband—Harmless Ruling.—The estate of the deceased husband could not be bound by admissions made by the plaintiff administratrix as his wife in his lifetime, after the grant made to the husband, and they were properly excluded; nor could the defendant have been prejudiced by the action of the court in excluding such admissions when plaintiff testified fully in the case, and might have been impeached by proof of contrary declarations contained in depositions on file.

Id.—Motion to Call in Another Judge—Affidavit Charging Bias—Relief—Counter Affidavit of Judge.—Upon a motion of defendant to call in another judge for alleged bias, in so far as his affidavit avers his belief of such bias, it amounted to nothing, and can only be considered in connection with the facts which it states, and where it does not state all the facts, or states them incorrectly, it was competent for the judge in connection with another counter affidavit to present his own counter affidavit stating the true facts known to him.

Id.—Insufficient Showing of Bias—Action of Judge while Prosecuting Attorney.—Where, upon all the facts stated in the affidavit and counter affidavits, nothing appeared to support defendant's motion, except the bare fact that sixteen years previously the judge, while acting as district attorney, prosecuted and convicted the defendant, his father, and a confederate for an aggravated case of battery, and had then, in his official capacity, laid the facts before the governor for his information when passing upon a petition for pardon, no just inference can be drawn from said facts that the judge could not try this case with perfect impartiality.

APPEAL from a judgment of the Superior Court of El Dorado County and from an order denying a new trial. M. P. Bennett, Judge.

The facts are stated in the opinion of the court.

William F. Bray, for Appellant.

Charles A. Swisler, and Abe Darlington, for Respondent.

BEATTY, C. J.—This is an action in the nature of ejectment, prosecuted by the widow and administratrix of George M. Zumwalt, deceased. The demanded premises consist of four acres of land, upon which are a dwelling-house and other improvements.

In May, 1897, Mrs. Larkin, who was then the owner of the land, executed and delivered her deed purporting to grant it to said George M. Zumwalt, and if that deed took effect according to its terms, the plaintiff at the commencement of the action was the owner, and entitled to the possession, of the premises. The adverse claim of the defendant, who is a brother of plaintiff's intestate, and who ousted the plaintiff in October, 1900, is based upon a deed of that date from their father, Isaiah Zumwalt, purporting to grant the premises to him and to another brother, and he defends the action upon the allegation that his brother George took and held the bare legal title to the land under the conveyance from Mrs. Larkin in trust for his father, who, he claims, purchased it for his own use, paid the full purchase price from his own funds and personally received Mrs. Larkin's deed when it was delivered, his sole purpose in having his son named as the grantee being to screen the property against any possible claim of his wife, from whom he had been separated—whether by divorce or agreement does not appear.

The cause was tried in the superior court without a jury, and the findings were in favor of the plaintiff and against the defendant as to every material issue. With respect to the equitable defense of a resulting trust in favor of Isaiah Zumwalt and his grantees, they were, in effect, that the land was purchased from Mrs. Larkin by George M. Zumwalt and the deed delivered to him; that the purchase money ($150) was given to him by his father as an advancement in furtherance of his proposed marriage to the plaintiff, and upon an understanding that after the marriage the old man was to have his home with them during the remainder of his life; that when the dwelling erected on the land was ready for

occupancy the marriage took place, and from that time until June, 1900, the father, son, and daughter-in-law resided there together. Towards the close of this period dissension arose between the father and the young people, and on the seventh of June he shot and killed his wife and son and his son's infant child, and seriously wounded the plaintiff. Afterwards, while in jail, he executed the deed under which defendant claims title, and in pursuance of which he took possession of the premises in the absence of the plaintiff.

Upon these and other findings judgment was entered in favor of the plaintiff for restitution of the demanded premises and for mesne profits. The defendant appeals from the judgment and from an order denying a new trial, alleging errors in certain rulings of the court, and contending that the evidence does not support the findings of fact.

As to the evidence, we think it is abundantly sufficient to sustain the findings without regard to the testimony of the plaintiff herself, and as to her testimony we do not think it involves any such inconsistencies or contradictions of statements made elsewhere as to have required the court to disregard it. In all material particulars it is entirely consistent with itself, and it is strongly corroborated by the testimony of apparently respectable and wholly disinterested witnesses.

There was no error—certainly no prejudicial error—in the rulings of the court upon objections to evidence. To sustain his equitable defense of a resulting trust the defendant offered to prove that the plaintiff during the lifetime of her husband had made certain declarations or admissions favorable to his claim. Upon plaintiff's objection to the competency of her declarations or admissions to impeach her husband's title to the land, the evidence was excluded, and we think properly so. Her husband's estate could not be bound by her admissions. And, besides, the plaintiff was afterwards examined as a witness and testified fully as to all these matters. If defendant had desired he could then have offered all this rejected evidence to impeach her,—for there was nothing in the previous rulings of the court to prevent him from making this legitimate use of the evidence, which was all contained in the depositions of two of his sisters then on file in the case.

The defendant, by his answer, also asserted a prescriptive title to the premises by adverse possession for more than five

years, but under the findings of the court as to his claim of
constructive trust there is no support for this defense.  If
Isaiah Zumwalt gave his son the money to pay for the land·
upon the sole condition that he should be provided with a
home there, his subsequent residence on the premises as a
member of the family did not constitute possession, and cer-
tainly there was nothing to give it the character of an ex-
clusive or adverse possession.  Defendant's adverse possession
commenced ·in October, 1900, and the action was commenced
in February, 1903.

The only remaining question in the case arises out of the
ruling of the court denying the motion of the defendant to
call in another judge to preside at the trial.  The motion
was based upon the alleged bias of the judge (Code Civ.
Proc., sec. 170, subd. 4), and was supported by the defendant's
affidavit averring his belief that he could not have a fair and
impartial trial before the Hon. M. P. Bennett, the judge· of
the superior court of El Dorado County, by reason of the
prejudice and bias of said judge, and alleging as grounds of
his belief, the following facts: "That at a trial of this affiant
in the justice's court of Mud Springs Township, in said
county, the said Hon. M. P. Bennett, who was then district
attorney of said El Dorado County, declared that if he had
known as much about the case just tried before it had been
tried as he knew at the end of the trial he would have dis-
missed the charge of battery and have taken me up on his
own responsibility for assault to murder and sent me across
the bay where I belonged, meaning thereby that he would
endeavor to send me to the state penitentiary; that said
declaration by said Hon. M. P. Bennett was the expression of
a malevolent desire on his part to injure this affiant, and that
there was no just ground for such remark, as the case was
a mere petty quarrel; and that upon conviction of affiant upon
the charge of battery, a sentence of six months in the county
jail or $250 fine was imposed upon affiant; that thereupon
every public officer in the city of Placerville except Judge
Bennett and all the merchants and business men of Placerville
petitioned the governor of the state to interpose his executive
clemency to relieve affiant from what they considered to be a
grossly unjust and severe sentence, and that said Hon. M. P.
Bennett went personally to the governor and protested so

forcibly against any action on his part that the governor declined to interfere; that said Judge Bennett has ever since regarded affiant with hostility, and that at the trial of a certain criminal cause entitled 'The People *vs.* Isaiah Zumwalt' in the month of September, 1900, in which the plaintiff in this present action, Mrs. Rose H. Zumwalt, was the prosecuting witness, and affiant was diligently aiding the defense, the foregoing facts were set out by affiant in an affidavit filed by the defendant in said criminal proceeding in support of a motion made by the defendant in that case for a change of judge, which affidavit has since disappeared from the records of said El Dorado County and cannot now be found; that said motion was heard by the Hon. J. H. Hughes, superior judge of Sacramento County, California, who determined that upon the facts alleged the said Judge Bennett was disqualified from trying the said original cause of People *vs.* Isaiah Zumwalt, by reason of his prejudice and bias against the said defendant therein and this affiant, and said cause was thereupon tried before the Hon. F. T. Nilon, superior judge of Nevada County; that in this present case the plaintiff Rose H. Hoyt, is the same person who was the prosecuting witness in the said criminal cause, and that the testimony necessary to be offered and used on the trial of this present action will include a part of the matters testified to on the trial of said criminal proceeding, and that the same reasons that disqualified the said Hon. M. P. Bennett on the trial of the said criminal proceeding also disqualify him to try the present action; that affiant requested his counsel to suggest these matters to the superior court of El Dorado County in the hope and belief that said Hon. M. P. Bennett would on such suggestion, of his own motion declare his disqualification, and request another judge to sit in his place on the trial of this action, and that affiant is informed by his said counsel and verily believes, and on such information and belief avers the fact to be, that said Hon. M. P. Bennett refused to make any request to any other judge to try this action and declared that he is not disqualified, and if any affidavit as to facts showing his prejudice and bias against affiant were filed, he the said Judge Bennett would cause counter affidavits to be filed, and would unless affiant would put up the money to pay another judge to come here and try said action, refuse to allow any other

judge to try said cause, but if affiant would put up the money to pay another judge to come to this county, he the said Judge Bennett would then call in some other judge to try this case; that affiant is advised by his said counsel that for affiant to furnish money or to offer to furnish money, to pay another judge to come to this county to try said cause, would be contrary to the law and a contempt of court, and contrary to public policy.  C. T. ZUMWALT.''

The plaintiff, in opposition to the motion, filed the affidavit of the judge, and of a witness, who as constable was present throughout the trial referred to by the defendant in his affidavit, and who deposes that he heard no such language used by Judge Bennett—then district attorney of El Dorado County—as alleged by defendant.  The affidavit of the judge shows that the trial referred to was had in 1887, sixteen years before the trial of this cause; that he attended the trial of the defendant, his father, and one Brown, jointly charged with the crime of battery, at the request of the justice of the peace of the township, and in obedience to his official duty; that the defendants were entire strangers to him; that on the evidence produced they were all three convicted and sentenced to pay a fine of two hundred and fifty dollars; that the judgment was just, and erred, if at all, on the side of leniency; that he did not at any time use the language attributed to him, and that if he said anything at all resembling it he did so in the argument addressed to the court in commenting upon the evidence; that subsequently a petition for the pardon of the defendants was circulated in the county containing a misstatement of the facts of the case; that he refused to sign it, and, to prevent the governor from being misled in the matter, he, in the performance of his official duty, sent him a written communication—a copy of which is set out in his affidavit—containing a correct summary of the evidence adduced at the trial; that he did not go personally to the governor to oppose the granting of the pardon; that after his official connection with the battery case ended he thought no more of the parties, and had never entertained any sentiment of personal hostility to them or either of them. His affidavit further shows that the objection to his presiding at the trial of Isaiah Zumwalt for murder·was submitted to Judge Hughes upon the uncontradicted affidavit of this de-

fendant, the same in substance as his affidavit in this case, except as to those proceedings. He admits that he expressed his willingness to invite another judge to preside at the trial if defendant would pay the expense of his attendance, but says that, deeming himself not disqualified, he was unwilling to subject the county to the expense involved in calling another judge.

The court did not err in refusing the request of the defendant that he should call in another judge to hear and determine the motion and did not err in denying it on the showing made. The amendment constituting subdivision 4 of section 170 of the Code of Civil Procedure, was considered and construed in *People* v. *Compton,* 123 Cal. 412, [56 Pac. 44], and in *Talbot* v. *Pirkey,* 139 Cal. 326, [73 Pac. 858], in both of which cases it was held that the judge whose bias is alleged must himself decide the motion, but that he must decide it upon the facts averred in the affidavits without reference to his own knowledge of his state of mind. It was therefore the right—if not the imperative duty—of Judge Bennett to decide the motion, and it was also his privilege to contradict special averments of defendant's affidavits as to any matters of fact from which bias might be inferred. He had a right, for instance, to deny the use of the language which the defendant charged him with having used at the trial for battery, though he might have found it a delicate matter to decide the question if he had not been corroborated by a disinterested witness. He had a right also to show— what the affidavit of the defendant did not show—that sixteen years had elapsed since the trial of the battery case; that he had not gone to Sacramento to make a personal appeal to the governor to refuse a pardon; that he had merely reported the facts of the case in writing, as his official duty required, and, although he could not base his decision upon his consciousness that he was free from bias, it was not improper for him to state that fact. Our view in regard to this matter is that an affidavit which merely avers the belief of a party that a judge is so biased against him that he cannot have a fair and impartial trial of his cause amounts to nothing. To support the motion facts must be stated from which it may be reasonably inferred that such bias exists. When such facts are averred the belief or the affidavit of the judge that he is not

biased is no ground for denying the motion, but as to specific facts which uncontradicted might justify the inference of bias the judge is as competent a witness as any other, and if the facts happen to be exclusively or peculiarly within his own knowledge, it is entirely proper that he should state them. In opposition to this view it is urged that the judge will necessarily find the fact as he has averred it, and that this would be to make him a judge in his own cause. But the proposition is entirely unfounded. The cause is not his; he has no interest, pecuniary or otherwise, in trying it,—if he had he would be disqualified on other grounds,—and where he has no interest in the cause he has a right to consider probative facts within his own knowledge, if put in the form of an affidavit, in determining the ultimate fact of bias or indifference.

In this case, upon all the facts shown by the affidavits, there was nothing to support the motion of defendant except the bare circumstance that Judge Bennett sixteen years before the motion was made had in the discharge of his duty as district attorney prosecuted and convicted the defendant, his father, and a confederate of an aggravated case of battery, and had then in his official capacity laid the facts before the governor for his information in passing upon a petition for a pardon. From such facts no just inference arises that he could not try the cause with perfect impartiality.

The judgment and order appealed from are affirmed.

McFarland, J., Angellotti, J., Shaw, J., Henshaw, J., and Sloss, J., concurred.