[Sac. No. 1877. Department Two.—January 29, 1912.]

## HENRY A. BASSFORD, Appellant, v. EDWIN T. EARL et al., Respondents.

PRACTICE — SUBSTITUTION OF JUDGE — BIAS AND PREJUDICE OF TRIAL JUDGE—MOTION MUST BE TRIED ON AFFIDAVITS.—Under section 170 of the Code of Civil Procedure, as the same was amended in 1897, a motion for the substitution of another judge in place of the one before whom the action is pending, for the alleged reason that the moving party cannot have a fair and impartial trial before the latter by reason of his prejudice or bias, must be tried and determined upon affidavits and upon affidavits alone, without reference by the judge to his own knowledge of his own state of mind.

ID.—COMPETENCY OF JUDGE NOT PRESUMED FROM FACT THAT HE ACTED ON TRIAL.—Since that amendment the rule no longer obtains that the fact that a judge has acted in a trial is conclusive that in his own opinion he was competent to act, and that in such a case he who would attack his right to act therein must show his disqualification by facts of a positive and unequivocal character.

ID.—AFFIDAVITS FOR SUBSTITUTION—OPPOSITION TO JUDICIAL ASPIRATIONS OF JUDGE — COUNTER-AFFIDAVIT BY JUDGE.—Affidavits of a plaintiff on such motion, which show that he entertained a spirit of hostility to the judge, and which allege, on the affiant's information and belief, that he cannot have a fair and impartial trial before

him by reason of his prejudice and bias, based on the facts that affiant had been instrumental in thwarting the judge's judicial aspirations, are sufficient *prima facie* to call for a counter showing from the judge by his own affidavit, and in the absence thereof to warrant a granting of the motion.

ID.—AFFIDAVIT BY OPPOSING COUNSEL.—A mere affidavit by one of the counsel for the adverse party, made upon his information and belief, to the effect that the facts stated in the moving affidavits would not operate and had not operated to bias or prejudice the judge, is not sufficient to defeat the motion.

APPEALS from orders of the Superior Court of Solano County dismissing motions for a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

William M. Cannon, Jabish Clement, and Paul C. Morf, for Appellant.

Guy C. Earl, and W. H. Spaulding, for Respondents.

HENSHAW, J.—Plaintiff's complaint charged that proceedings had been pending to foreclose a mortgage upon his ranch in Solano County; that defendant, Edwin T. Earl, proposed to plaintiff that he would purchase the land at the foreclosure sale for the benefit of plaintiff, and would thereafter deed the property to him, taking a mortgage for the amount which he might have expended; that plaintiff carried out the conditions so far as he was concerned, but the defendant has repudiated the agreement. Plaintiff expressed his willingness to pay all that might be found due, and prayed that Earl might be considered as a mortgagee and that there should be an accounting between plaintiff and the defendants, Edwin T. Earl, the Earl Orchard Company, and the Earl Fruit Company of the rents, issues, and profits of the land. The action was in equity, and the judge called in a jury from which advisory verdicts were received. The jury found that the defendant Earl did state to plaintiff Bassford that if the latter "would obtain deeds from all his brothers and sisters to the property in question to himself, and that if he would execute a deed therefor to the defendant, Earl, he, Earl, would advance the money to buy in said property at sheriff's sale, and upon obtaining the

sheriff's deed therefor would deed back to the plaintiff said property and take a mortgage for the amount so advanced by him." The judge set aside this and the other findings of the jury on defendants' motion, and gave judgment for defendants. A motion for new trial was made, and the bill of exceptions to be used thereon was pending settlement, the papers being actually in the office of William M. Cannon, attorney for plaintiff, in San Francisco. They were destroyed by the fire following the earthquake. A motion to dismiss this motion for a new trial for lack of diligence in prosecuting it was brought to a hearing before Judge Harrier, then occupying the bench of Solano County, and, amongst other evidence, was presented an affidavit made by Judge Buckles, the judge who presided at the trial of the cause, which affidavit was offered as tending to show lack of diligence on the part of plaintiff's attorney. It was shown, moreover, that the reporter who took the notes of the trial was dead, and question having arisen as to the possibility, practicability, and cost of having these notes read and transcribed by another reporter, the hearing of the motion was continued, and, in fact, it was never decided by Judge Harrier. On May 14, 1907, plaintiff filed another motion for a new trial under the act of 1907 (Stats. 1907, p. 998). Judge Buckles had returned to the bench. Plaintiff's attorney wrote to him, suggesting that he call in another judge to hear and determine the further proceedings in the case, but his letter remained unanswered. Subsequently a formal motion was made upon affidavit for this purpose, and upon the eighteenth day of December, 1909, it was denied by Judge Buckles. Thereafter, on the 20th of January, 1910, he dismissed plaintiff's two pending motions for new trial. These appeals are taken from these orders.

The affidavit upon the motion to call in another judge is that of the plaintiff, in which he sets forth the proceedings upon the trial had before Judge Buckles, and that the judge, on motion of the defendants, rejected the special issues, answered in favor of the plaintiff, and rendered judgment against the plaintiff. Here, it may be observed, without regard to the propriety of the judge's ruling in this respect, which is of course not before the court, that the finding was in accordance with the testimony of the plaintiff, and the rejection of this finding by the court could not be other than a reflection upon

the veracity of his testimony. The circumstances were such, unquestionably, as to afford a foundation for bias and prejudice upon the part of the plaintiff against the judge. His affidavit proceeds to set forth that subsequently the judge was a candidate for the nomination from a Republican convention for a judicial office; "the plaintiff was a delegate to such convention from Solano County, and was one of the Solano County delegation to such convention; that the said judge, in endeavoring to obtain the nomination to such office for himself, requested this plaintiff, as such delegate, and other members of the Solano County delegation to support a certain person for the office of governor of the state of California, stating that only by obtaining the support of the Solano County delegation, could said judge hope to obtain such nomination for himself; that the plaintiff and other members of said Solano County delegation refused to accede to said request on the part of said judge, and by reason thereof, as plaintiff is informed and verily believes, such judge failed to receive such nomination, and thereafter, upon the expiration of his then existing term as such judge of such appellate court, was forced to retire to private practice, and did remain in such practice for a considerable period of time. That thereafter, Judge Buckles sought the nomination for judge of the superior court of Solano County, and requested by letter the plaintiff to support him for the nomination for that office; that the plaintiff refused to support the said judge for such nomination, and said judge did not obtain the nomination for such office, and another person was nominated and elected thereto, which action on the part of the plaintiff contributed toward the defeat of said judge for said nomination. That when the plaintiff's motion for new trial in this action, based upon the statute passed by the legislature of 1897, came on for hearing before Judge Harrier in the above named superior court, the said Judge Buckles made and subscribed and swore to an affidavit, which affidavit was used by the defendant in opposition to the plaintiff's said motion, and was read and filed on the hearing of the said motion; that if the said Judge Buckles hears and determines the now pending motion, in the above entitled action, or any further proceedings in the above entitled case, he will be required to pass upon the sufficiency and truth of his own affidavit on file in said action. That within the last month

or two, affiant's attorney has in writing requested said judge to call in another judge to hear and determine said action, and all matters pending therein, but said judge has failed to answer the said letter; that by reason of the facts and circumstances set forth herein, affiant states on and according to his information and belief that he cannot have a fair and impartial trial of said action, or any motion or proceeding pending therein before said Judge Buckles, by reason of the prejudice and bias of said Judge Buckles against said affiant."

The law governing the conduct of a judge upon the hearing and determination of a motion presented by authority of section 170 of the Code of Civil Procedure has often been discussed and is well settled. The earlier rule announced in *Heinlen* v. *Heilbron,* 97 Cal. 107, [31 Pac. 838], that "the fact that a judge has acted in a trial must be held conclusive that in his own opinion he was competent to act, and in such a case he who would attack his right to act therein must show his disqualification by facts of a positive and unequivocal character," by force of section 170 of the Code of Civil Procedure no longer obtains. The matter must be tried upon affidavits and upon affidavits alone. Whatever knowledge may repose within the breast of the judge must now appear by affidavit, or it does not appear at all. Inferences or presumptions arising from the judicial decision in no wise control. The judge "must decide upon the facts averred in the affidavits, without reference to his own knowledge of his state of mind." (*Hoyt* v. *Zumwalt,* 149 Cal. 388, [86 Pac. 600]; *People* v. *Compton,* 123 Cal. 412, [56 Pac. 44]; *Morehouse* v. *Morehouse,* 136 Cal. 332, [68 Pac. 976].) In the last mentioned case the affidavit touching the bias and prejudice of the judge was not met by answering affidavit. In the Morehouse case, as in this, it was set forth that the bias arose out of the opposition of a party to the action to the judge while the latter was a candidate for office. This court said: "It may be admitted, as urged by the respondent's counsel, that from the mere fact of the quarrel alleged it cannot be conclusively, or even probably, inferred that the judge could not fairly try the defendant's case; and we are glad to believe that with most judges the inference would be incorrect. But here there is a direct allegation of the fact of prejudice and bias on the part of the judge; and though the

allegation is based, as in most cases it must be based, merely on the belief of the affiant, yet it is accompanied by a statement of the facts on which the belief is based, as complete as the nature of the case admitted of; and this was all that could reasonably be required. The court should therefore have granted the motion." It is argued by appellant that weight is added to this affidavit by the circumstances that the judge, when in private life, made an affidavit hostile to the interests of the appellant, and that he refused to respond to a courteous letter addressed to him by appellant's attorney. But aside from these considerations, it is plain that plaintiff entertained a spirit of hostility to the judge, the grounds for which, as above set forth, are apparent. It is shown that he was in a position to thwart the judicial aspirations of the judge, refused the judge's request for his support, and did aid in thwarting them, with the result that the judge twice failed of his nomination, and was relegated to private life. There is in all of this sufficient as a *prima facie* showing to call for a response from the judge, and it cannot be regarded as without significance that no such response was made. For in answer to the application and to the affidavit of plaintiff the only showing is contained in the affidavit of Mr. Charles S. Wheeler, one of defendants' attorneys, which first averring want of information or belief sufficient to enable the affiant to make any statement touching the conduct of the plaintiff and of the judge in reference to the judicial nominations, proceeds as follows: "That affiant, however, does depose and say, upon his information and belief, that if the facts in relation to said candidacy of said Honorable A. J. Buckles for said offices above named and to the conversations and requests and acts of the said H. A. Bassford with or towards said judge set forth in said affidavit of said H. A. Bassford, did take place, nevertheless the same will in no way operate to the detriment of the said H. A. Bassford nor will the same, nor have the same, operated to bias or prejudice the said Judge A. J. Buckles, nor to disqualify him in any way to pass upon the proceedings in this cause, and that this affiant states, on his information and belief, that the said H. A. Bassford can have a fair and impartial trial of all proceedings in this action before the Honorable A. J. Buckles, and that the said Honorable A. J. Buckles is not disqualified from acting in this

cause by reason of prejudice or bias against the said Bassford, or for any other cause whatsoever." In the nature of things, it is impossible for an affiant occupying the position of Mr. Wheeler to declare that these facts "will in no way operate to the detriment of Bassford, nor will the same, nor have the same, operated to bias or prejudice the said Judge A. J. Buckles." If such a statement was necessary in answer to the Bassford affidavit, and not only do we think it was, but from the affidavit of Mr. Wheeler it seems so to have been regarded by the respondents to that motion, the one person who, with an informed mind, could make such a declaration, was the judge himself, and he does not do so. It follows, therefore, that upon the showing made, it was the duty of the court to have granted appellant's motion, and the order denying that motion is, therefore, reversed.

This determination renders unnecessary a detailed consideration of the orders of the court subsequently made dismissing the appellant's motions for a new trial. They were made by a disqualified judge, and are therefore reversed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.