[L. A. No. 3234. In Bank.—March 31, 1915.]

## HAZEL M. KEATING, Respondent, v. EDWARD KEATING, Defendant and Appellant, and Mrs. VINETTE LEHMAN, Co-respondent.

NEW TRIAL—STATEMENT OF CASE—PRESENTATION FOR SETTLEMENT—SUBSTANTIAL COMPLIANCE WITH STATUTORY REQUIREMENTS.—Where a party moving for a new trial left his proposed statement of the case, after service thereof on the adverse party, with the deputy county clerk of the department in which the case had been tried, at a time when the trial judge was absent from the county, and thereafter the adverse party also left his proposed amendments with such clerk, and subsequently the judge who tried the case, immediately upon his return to the county, received both documents and stated from the bench, in the presence of the attorneys for both parties, that he would take up the settlement of the statement at a specified time, the requirements of sections 659 and 650 of the Code of Civil Procedure, prescribing the various steps to be taken for the prepara-

tion and presentation of the statement for settlement, are substantially complied with.

ID.—BIAS AND PREJUDICE OF JUDGE ABOUT TO HEAR MOTION.—Subdivition 4 of section 170 of the Code of Civil Procedure, providing for a change of the trial judge on account of the bias or prejudice of the one about to try the case, is applicable to the hearing of a motion for a new trial.

ID.—MOTION FOR NEW TRIAL IS A "TRIAL."—A motion for a new trial is an independent proceeding, and a trial within the meaning of that section.

ID.—AFFIDAVIT OF BIAS AND PREJUDICE—FAILURE OF JUDGE TO FILE COUNTER AFFIDAVIT—REFUSAL TO GRANT CHANGE OF JUDGES—VOID ORDER DENYING MOTION FOR NEW TRIAL.—Where the party moving for the new trial, and before such motion is heard, moves for a change of judges on account of the bias and prejudice of the one about to hear the motion, and files an affidavit, positive in form, showing the disqualification of the judge for that reason, as provided by subdivision 4 of section 170 of the Code of Civil Procedure, the judge's bias and prejudice can be negatived only by a counter affidavit made by himself. In the absence of such an affidavit, it is error for the judge to deny the motion for a change, and proceed to hear the motion for new trial, and his subsequent order denying a new trial must be held void and vacated on direct appeal therefrom, as being an order made by a judge disqualified to sit on the hearing.

APPEALS from a judgment of the Superior Court of Los Angeles County, from an order denying a motion for new trial, from an order denying an application for change of judges, from an order striking out portions of a cross-complaint, and from an order denying a motion to eliminate part of the certificate to the engrossed statement on appeal. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, and Waldo M. York, for Appellant.

James P. Clark, for Respondent.

George L. Keefer, for Co-respondent.

HENSHAW, J.—A rehearing in this case for the correction of a statement of fact, mistakenly made, and for further

consideration of the effect which a correction of the misstatement might have upon the merits of the controversy. In the previous opinion Mr. Justice Melvin, speaking for the court in Bank, said:

"Plaintiff sued for a divorce upon the ground of extreme cruelty and defendant answered. Subsequently the plaintiff having obtained leave of court filed a supplemental complaint charging adultery, and defendant answered the supplemental complaint. Defendant also asked and received permission to file a cross-complaint setting up as cruelty the filing of plaintiff's supplemental complaint charging adultery and other matters. On motion of the plaintiff, Hazel M. Keating, part of his cross-complaint was stricken out. Judgment was in favor of plaintiff upon both grounds, adultery and cruelty, and against Edward Keating also on his cross-complaint. Alimony in the sum of fifty-five thousand dollars was awarded by the decree. He moved for a new trial and his motion was denied on the fourth day of March, 1912. Meanwhile, on March 2, 1912, defendant applied to the trial court for a change of judges, but his application was denied. On March 4th he moved to strike out a portion of the certificate of the judge settling the statement. This motion was denied. Defendant's appeals are from the judgment, from the order denying his motion for a new trial, from the order denying the application for change of judges, from the order striking out a portion of his cross-complaint and from the order denying his motion to eliminate part of the certificate to the engrossed statement on appeal.

"Respondent objects to the consideration of the alleged statement of the case upon which the appeal from the judgment is wholly, and that from the motion for a new trial is partly, based. This objection is founded upon the supposed failure of the appellant to comply with sections 659 and 650 of the Code of Civil Procedure in preparing and presenting his said statement of the case. The same objections were urged before the trial court and the learned judge in a written opinion overruled them. The facts are these: On September 2, 1911, defendant's notice of intention to move for a new trial on a statement of the case and affidavits, was filed. On November 16, 1911, the attorneys for defendant left with the deputy county clerk of the department in which the cause had been tried, their proposed statement, which

bore an admission of service signed by the attorney for plaintiff. On December 28th plaintiff's attorney left with said deputy clerk plaintiff's proposed amendments to the statement. The judge who tried the case was absent from the county from December 28, 1911, to January 20, 1912. On the last named day he received all of the papers either from the clerk or from the judge of the department, in whose place he had presided during the trial. On that day the judge who had tried the case stated from the bench in the presence of all the attorneys that he would take up the settlement of the statement on January 27, 1912, at a certain hour. On the twentieth day of January counsel for plaintiff presented his objections, specifying that defendant had not given plaintiff notice at any time that he would present the proposed statement; that notice had been served upon plaintiff within ten days after service of plaintiff's proposed amendments, of defendant's intention to present his proposed statement to the judge who tried the case, and that defendant failed, within ten days after the service of plaintiff's proposed amendments, to deliver the proposed statement and the offered amendments to the clerk of the court for the judge, nor had such delivery been made at any time. It is clear that the statute was substantially complied with. The purpose of the statute is to prevent delay or surprise to the adverse party. No such delay nor surprise occurred. The clerk had the proposed statement immediately after its service on the plaintiff's attorney. When the proposed amendments were prepared and served they were also left with the clerk. While they were not thereafter formally called to his attention or presented by the counsel for the appellant, they were as much in his possession for the judge as if the exact requirements of the statute had been complied with. And the judge received timely notice, upon his return to Los Angeles, of the pendency of the matter of settling the statement, and counsel for plaintiff having received *actual* notice was present in court. (*Curtain* v. *Ingle,* 155 Cal. 55, [99 Pac. 480].)

"After the settlement of the statement on motion for a new trial, the defendant, Edward Keating, served upon plaintiff and filed a demand that the judge who had presided at the trial should secure the services of some other judge to hear said motion for a new trial. On the day set for the hearing on motion for a new trial Edward Keating, by his

counsel, moved the court for a change of judges in accordance with the demand previously made, and in support of his motion read a number of affidavits tending to show that a member of the judge's family had attended the court sessions during the trial of the case of *Keating* v. *Keating,* had shown great interest in the success of the plaintiff in that litigation and had expressed certain views with reference to the case in the presence of the judge. Affidavits were filed in opposition to the request for a change, and the court refused to comply with defendant's desires in the matter. The proceeding was held in contemplation of the fourth subdivision of section 170 of the Code of Civil Procedure. At the outset respondent contends that this section applies only to the trial of causes and not to the hearing of motions for new trials. We can see no reason for this distinction. If, after trial and before the hearing of a motion for a new trial, one of the litigants should discover that the judge who had tried the cause was prejudiced against him, we see no reason why he might not invoke the provisions of subdivision 4 of section 170 of the Code of Civil Procedure. In *Estudillo* v. *Security Loan & Trust Co.,* 158 Cal. 70, [109 Pac. 884], the motion was made at this same stage of the case and the proceeding was not questioned. A motion for a new trial is surely a 'trial' under the principles and the definition announced in *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 505, and such a motion has been held to be an independent proceeding. (*Galbraith* v. *Lowe,* 142 Cal. 296, [75 Pac. 831].)

"The judge did not subscribe any affidavit in answer to that of the defendant, and appellant's counsel insist that, as Mr. Keating's sworn allegation of the judge's prejudice stands uncontradicted, the refusal to grant the motion was erroneous, under the authority of *People* v. *Compton,* 123 Cal. 403, [56 Pac. 44], and similar cases. We see no escape from this conclusion. The law of California upon this subject was discussed in an opinion by Mr. Justice Henshaw in the recent case of *Bassford* v. *Earl,* 162 Cal. 119, [121 Pac. 395], where the following language was used:

" 'The law governing the conduct of a judge upon the hearing and determination of a motion presented by authority of section 170 of the Code of Civil Procedure has often been discussed and is well settled. The earlier rule announced in *Heinlen* v. *Heilbron,* 97 Cal. 107, [31 Pac. 838],

that "the fact that a judge had acted in a trial must be held conclusive that in his own opinion he was competent to act, and in such case he who would attack his right to act therein must show his disqualification by facts of a positive and unequivocal character," by force of section 170 of the Code of Civil Procedure no longer obtains. The matter must be tried upon affidavits and upon affidavits alone. Whatever knowledge may repose within the breast of the judge must now appear by affidavit, or it does not appear at all. Inferences or presumptions arising from the judicial decision in no wise control. The judge "must decide upon the facts averred in the affidavits, without reference to his own knowledge of his state of mind." (*Hoyt* v. *Zumwalt,* 149 Cal. 388, [86 Pac. 600]; *People* v. *Compton,* 123 Cal. 412, [56 Pac. 44]; *Morehouse* v. *Morehouse,* 136 Cal. 332, [68 Pac. 976].)'

"It is true that many of the statements in the affidavits filed by defendant are squarely contradicted by counter affidavits, but the fact remains that the judge did not deny by affidavit the prejudice which was attributed to him in appellant's sworn statement, and the law is definitely settled that only by affidavit may that issue be met. Bias might have arisen from the statements admitted in the counter affidavits. It is idle to contend that the affidavit of Mr. Keating, although positive in form, must of necessity rest upon information and belief and that therefore it should be rejected. Knowledge of facts which might cause a litigant to feel that a judge was prejudiced against him would naturally often be only that to be derived from information conveyed to him by others. Complete and effective denial of such alleged facts, while it might be the basis for a finding by the court that the litigant's conclusions were based upon false premises, would *not* dispose of the matter of the mental attitude of the judge, which may only be placed of record by his own solemn affidavit. This was lacking, and therefore his denial of the motion was error."

The error which inadvertently crept into the statement is found in the sentence next following: "The same affidavits as those upon which the demand for a change of judges was based were used on the motion for a new trial and appellant contends that the motion should have been granted because of such an irregularity as is contemplated by subdivision 1 of section 657 of the Code of Civil Procedure." The con-

clusion from this was the necessary one, that the order denying a new trial should be reversed because of the showing of the disqualification, by bias and prejudice, of the judge who had conducted the trial.

Upon the petition for rehearing our attention was specifically directed to the fact that, in connection with and as a part of the motion for new trial, certain affidavits intimating the existence of bias and prejudice were filed by the moving party not later than November, and answering affidavits by respondent in December; but that no affidavit specifically charging bias and prejudice upon the part of the judge was filed in support of the motion for a new trial. Next it was shown that while the motion for new trial was pending, before, indeed, it had been heard, appellant in February filed another independent motion, seeking the amotion of the trial judge and the calling in of another, the ground of this motion being the bias and prejudice of the judge presiding, which bias and prejudice were specifically charged. This motion the judge denied. Thereafter he proceeded to hear and determine the motion for a new trial, upon which motion he had not judicially before him the affidavit or affidavits specifically charging bias and prejudice.

What are the legal consequences which necessarily flow from this state of facts? Everything that has been said by this court in the earlier opinion above quoted is affirmed. Resulting from this is the inevitable conclusion that the trial judge erroneously refused to call in another judge to hear and determine the motion for a new trial. His error in so doing necessitates a reversal of his ruling refusing to call in another judge, and with that reversal is imposed the duty to call in another judge who shall hear and determine the motion for a new trial. The order of the court refusing to grant the motion for a new trial is not, therefore, subject to reversal in the sense that a reversal would be the equivalent of an order granting a new trial. The order refusing to grant the motion for a new trial, under the circumstances attending its making, was void upon this direct appeal, as being an order made by a judge disqualified to sit on the hearing. For this reason the order refusing a new trial is not reversed, but is vacated and declared null, and the cause will be restored to the jurisdiction of the trial court, with directions

to the qualified judge who may be called in to hear and determine that motion.

It is ordered accordingly.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.