[Civ. No. 3935. Second Appellate District, Division One.—January 30, 1923.]

## J. C. JACKSON, Respondent, v. J. B. CLOVER, Appellant.

[1] PROMISSORY NOTES — ACTION ON — DEFENSES — CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In this action on certain promissory notes, in which the defendant pleaded several affirmative defenses, there having been a substantial conflict of evidence as to each of such defenses, the appellate court could not disturb the finding of the trial court that all the allegations of the answer were untrue.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

William B. Ogden for Appellant.

Donald Barker and Wm. H. Neblett for Respondent.

HOUSER, J.—This was an action on four promissory notes aggregating the sum of $964.60. Three of the notes were made payable to plaintiff and the fourth note, amounting to the sum of $100, was assigned to plaintiff before the action was commenced. The defendant has interposed three defenses. First, that plaintiff was employed by defendant as superintendent of certain construction work; that he was unfaithful in the discharge of his duties as such superinten-

dent and had made false reports in connection with his said duties, and thereby obtained from defendant the sum of $120; also that at the time of the execution of the notes sued upon, plaintiff was indebted to defendant in the sum of $800, which he falsely concealed, and by reason of said facts there was no consideration for said notes. Secondly, that while plaintiff was so employed as a superintendent, as an inducement to the execution of the notes sued on, plaintiff had promised and agreed to remain upon the work until a certain date and to care for and to preserve the property of defendant, and upon closing the work for the season was to collect and store the property of defendant at a certain place; that thereafter plaintiff reported to defendant that he had so collected and stored said property, when in fact he had not done so, and thereby obtained from defendant an additional sum of $214.55 to defendant's damage in said sum. Thirdly, that plaintiff on a certain date was possessed of certain property of defendant of the value of $500 which plaintiff converted to his own use to the damage of defendant in the sum of $500.

The court found, first, that all the allegations of the complaint were true; secondly, that all the allegations of the answer were untrue; and entered judgment for plaintiff as prayed in the complaint.

[1] As is stated in appellant's brief, this appeal is based solely on the proposition that the second finding is not supported by the evidence. Various questions of law, all arising out of the several defenses or counterclaims interposed by defendant, have been presented in the briefs on file herein, but while counsel for respondent has answered each point in turn, he has also urged that where substantial conflict exists in the evidence upon which a given finding is based, the appellate court will not disturb such finding. The rule which counsel invokes in one which is sustained by a host of California and other authorities. It is so well and so generally understood to be the law of this state that it is only where there is no evidence in the record in support of the findings that the decision of the trial court will be reversed upon the ground that it is unsupported by the evidence (Syl., *Heinlen* v. *Heilbron,* 97 Cal. 101 [31 Pac. 838]), that it would seem to be a waste of labor to set forth the various reasons for the existence of the rule. Suffice

it to say that of the credibility of the witnesses the court below was the sole judge. To set aside his finding because this court might have disagreed with him would be to substitute the conclusion of this court for the judgment of the learned judge of the trial court upon purely a question of fact. It was exclusively the province of the judge of the trial court to weigh the testimony of the witnesses, together with the other evidence in the case. Preponderance does not necessarily mean the testimony of the greater number of witnesses. So much depends upon things that are not open to one reviewing the testimony or the evidence generally from a mere inspection of the cold record—for instance, the manner of the witness, his apparent feeling in the case, his hostility, his willingness, evasiveness, the expression on his face or the flash of an eye, his hesitancy in answering questions, or his promptness and apparent frankness and good intentions, even when mistaken or in the wrong, or the opposite of any of these qualities—in other words, his manner or his bearing or his interest or his general appearance as a witness may have as much or even more to do with his credibility as his oral words or his written expressions.

This court cannot consider the evidence offered relating to the several defenses, except for the purpose of ascertaining whether the evidence presented a substantial conflict. An examination of the reporter's transcript on appeal discloses the fact that as to each of the defenses such conflict exists. It therefore follows that the finding that all the allegations of the answer were untrue cannot be disturbed.

Judgment affirmed.

Conrey, P. J., and James, J., concurred.