KAUS v. AMERICAN SURETY CO. OF NEW YORK.

(District Court, N. D. Iowa, W. D. June 29, 1912.)

No. 14, Law.

1. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—JOINDER OF CAUSES OF ACTION.

Code Iowa 1897, § 3465, provides that, where two or more are bound by contract or by statute jointly, jointly and severally, or severally only, action may be brought against any one or more of them on such liability. Under the law of Iowa, as settled by decision of its Supreme Court, persons each of whom become liable, under section 2418, for an injury to persons or property caused by the intoxication of another person to which each contributed, are liable jointly, and may be sued together. By section 2448, subd. 3, which is a part of the "Mulct Law," every saloonkeeper is required to execute a bond in the sum of $3,000, conditioned, inter alia, for the payment of any civil damages for which he may become liable under said section 2418. Held that, where a surety company was surety on two such bonds, an action to recover damages resulting from the intoxication of a person alleged to have been caused by liquors sold to him by both the principals in such bonds could be maintained, at the option of the plaintiff, against the surety alone, and that, where the damages claimed were sufficient, the amount of defendant's liability on both bonds, or $6,000, was the amount in controversy, for the purpose of determining the jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. COURTS (§ 310*)—JURISDICTION OF FEDERAL COURTS—PERMITTING INTERVENTION.

In such case, where plaintiff and defendant surety company are citizens of different states, but the principals in the bond are citizens of the same state as plaintiff, they are not entitled to intervene as defendants, to oust the court of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 310.*]

At Law. Action by Lurene Ople Kaus, a minor, by her guardian and next friend, Annie Kaus, against the American Surety Company of New York. On motion of defendant to dismiss for want of jurisdiction, and motion of plaintiff to strike out petitions of intervention. Motion to dismiss denied. Motion to strike out sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. D. F. Smith and Claude Smith, both of Cherokee, Iowa, for plaintiff.

W. E. Johnston, of Ida Grove, Iowa, for defendant.

REED, District Judge. This action is by the plaintiff, a minor, to recover of the defendant surety company damages in the sum of $10,-000, alleged to have been sustained by her by reason of the unlawful sale of intoxicating liquors, in violation of the laws of Iowa, by Peter Arp and Robert Dahms, separately, in Holstein, Ida county, Iowa, to one William Tams, whereby he, the said Tams, became intoxicated, and who, while so intoxicated, invited one Andrew Kaus, the father of the plaintiff minor, to ride with him in an automobile, and then drove said automobile, in which they were so riding, in such a careless and reckless manner as to cause it to overturn and seriously injure the said Andrew Kaus physically in such manner as to permanently incapacitate him from performing any labor, or otherwise render to said minor any support whatever, thereby depriving her of her means of support.

[1] The action is based upon two separate bonds, each in the penal sum of $3,000, made by the defendant to the county of Ida, in the state of Iowa, as surety for said Peter Arp and Robert Dahms, respectively, pursuant to and as authorized by section 2448, subd. 3, of the Code of Iowa (1897), one of which bonds is signed by Peter Arp, and the other by Robert Dahms, as principal, and both by the defendant as surety. Neither Arp nor Dahms is made a party to the action; the defendant alone being sued upon both bonds. The bonds are identical, except in the names of the principals. That in which Arp is principal is as follows:

### "Exhibit A.

"Know all men by these presents: That we, Peter N. Arp, of Holstein, Iowa, as principal, and the American Surety Company of New York, as surety, are held and firmly bound unto the county of Ida, in the state of Iowa (for the use and benefit of any person damaged or injured), in the penal sum of three thousand dollars, for the payment of which we bind ourselves, our heirs, executors, administrators, and legal representatives. This obligation is on the following conditions, to wit:

"That, whereas, the said Peter N. Arp is about to engage in the liquor traffic and in the business of keeping for sale and selling intoxicating liquors in a mulct saloon in a building situated at Holstein, Iowa, under and in pursuance of the laws of the state of Iowa, and desires to avail himself of the benefits of the bar of the penalties provided by the laws of the state of Iowa, pertaining and authorizing the traffic in intoxicating liquors:

"Now, therefore, if the said Peter N. Arp shall faithfully observe all the provisions of the laws of the state of Iowa relating to the traffic in intoxicating liquors, and to the business of keeping for sale and selling intoxicating liquors, and pay the mulct tax and all damages that may result from the sale of intoxicating liquors, upon the premises occupied by the said Peter N. Arp, then this obligation to be void; otherwise, to remain in full force and effect.

"The right to do business under this bond is limited to the twelve months ending January 1, 1912.

"Dated at Des Moines, Iowa, this 5th day of January, 1911.
                    "Peter N. Arp. [Seal.]
                    "American Surety Company of New York,
                              "By F. H. Noble, Res. Vice President.
      "Attest: B. C. Mather, Res. Asst. Secretary."

The cause of action sued upon accrued prior to January 1, 1912, but this action was commenced since that date; and the defendant moves to dismiss the suit for lack of the requisite amount to confer jurisdiction of the controversy upon this court, and contends in support of such motion that inasmuch as the defendant is bound, as surety only, for two different principals by each of the bonds, and that it is ultimately liable only for $3,000 upon each bond, the two cannot be united in one action to confer upon this court the requisite jurisdictional amount as fixed by section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [U. S. Comp. St. Supp. 1911, p. 135]).

The action is primarily based upon section 2418 of the Code of Iowa (1897), which provides:

"Every wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name against any person who shall, by selling or giving to another contrary to the provisions of this chapter any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages. * * * "

The statute of Iowa forbids the sale of intoxicating liquors in that state under heavy penalties, except for medicinal and other specified purposes; but if a required majority of the legal voters of a city, county, or incorporated town shall give their consent to the sale of intoxicating liquors for other purposes within the limits of such city, county, or incorporated town, then any person who will comply with such law, and pay to the county a specified annual tax, called "mulct tax," and execute to the county a bond in the sum of $3,000, with sureties to be approved by the clerk of the district court, conditioned that he will faithfully observe all of the provisions of the law relating to the "mulct tax," and pay all damages that may result from the illegal sale of intoxicating liquors upon the premises occupied by such person (the principal in such bond), he shall be relieved from the statutory penalty incurred by him in selling intoxicating liquors upon the premises so occupied by him in violation of law; but the payment of such tax, or the observance of all other provisions of the law relating to the tax, is not to be in any way considered to mean that the business of selling intoxicating liquors in Iowa (except for the lawful purpose) is in any way legalized.

Section 2448, subd. 3, under which the bonds sued upon were made, reads in this way:

"He [the person applying to sell liquor under the mulct law] shall file with the county auditor, to be approved by the clerk of the district court, a bond to the county, in the sum of three thousand dollars, conditioned upon the faithful observance of all the provisions of this chapter relating to the mulct tax, and for the payment of all damages that may result from the sale of intoxicating liquors upon the premises occupied by the obligor. Said bond shall be signed by himself as principal, and by two sureties who shall qualify each in double the amount of the bond, and neither of whom shall be surety on any other like bond."

The petition alleges that said Peter Arp and Robert Dahms were conducting separate saloons in Holstein, Ida county, Iowa, under the

provisions of the so-called mulct law of Iowa, relating to the sale of intoxicating liquors, and executed the bonds in suit to enable them to sell intoxicating liquors in that county under the provisions of said mulct law, and that in violation of law and the condition of such bonds they separately sold intoxicating liquor to said William Tams, which liquor so sold by them separately caused his intoxication, and that by reason of such intoxication he (the said Tams) caused the permanent injury, as before stated, to the father of the minor, thus incapacitating him from rendering the plaintiff any means of support, and that by reason thereof the defendant is liable to her upon said bonds for the amount of the damages she has thus sustained.

Section 3465 of the Code of Iowa (1897) provides:

"Where two or more persons are bound by contract or by judgment, decree or statute, whether jointly only, or jointly and severally, or severally only, including the parties to negotiable paper, common orders and checks, and sureties on the same or separate instruments, or by any liability growing out of the same, the action may at the plaintiff's option, be brought against any or all of them. When any of those so bound are dead, the action may be brought against any or all of the survivors, with any or all of the representatives of decedents, or against any or all such representatives. * * * "

This statute plainly authorizes the action to be brought against the defendant alone as surety upon each of said bonds. The Supreme Court of Iowa has held that, under section 2418 of the Iowa Code above, the unlawful sale by two or more persons, acting separately, to one whose intoxication is caused by such separate sales, renders them jointly liable to any person who may be injured in his person or property by means of such intoxication. Faivre v. Mandercheid, 117 Iowa, 724, 90 N. W. 76. It is the contention of the defendant that, while the persons who separately sold the liquors in violation of the law may be jointly liable for damages caused by such sale, the defendant's liability under its bonds is contractual only, and it is not liable for a tort. This may be conceded; but, if the principal in each of said bonds may be jointly liable with the other to the plaintiff, then the plaintiff is entitled to recover upon each of said bonds, notwithstanding the liability of the defendant thereunder is contractual only. In other words, defendant's contracts are to indemnify any one who may suffer an injury by the wrongful or unlawful acts of the principal in each bond.

If the defendant had signed as surety the separate negotiable promissory notes of Peter Arp and Robert Dahms individually to the plaintiff, it would not be seriously contended that she might not rightly sue the defendant in one action upon both of said notes without joining with it the principal of either of the notes. In such case there could be no doubt that the amount due upon each note might be added to produce an amount requisite to confer jurisdiction upon this court of a suit upon said notes. No reason is perceived why the same rule does not apply under the Iowa statute to these separate bonds; and as the amount for which the defendant may be liable to the plaintiff upon the two bonds is $6,000, that amount is sufficient to confer jurisdiction upon this court of this suit. This view of the matter renders it unnecessary to consider or determine whether or

not in this cause the jurisdictional amount of $2,000 fixed by the Act of 1887–88 is saved by section 299 of the Judicial Code.

Whether or not the sale of the liquor to Tams was the cause of the alleged injury to the plaintiff in this suit, within the meaning of section 2418 of the Iowa Code, is a question that does not arise upon this motion, and is not now considered.

The defendant's motion to dismiss because of want of jurisdiction is denied.

[2] Peter Arp and Robert Dahms, the principals in the two separate bonds, have each filed a petition, in which they respectively ask to be permitted to intervene and join the defendant in the defense of this suit. Each of the interveners is, and was when the suit was commenced, and still is, a citizen of the state of Iowa, as is, and was, the plaintiff also. They were not made defendants in the action originally, presumably because to have done so would have deprived this court of jurisdiction of the controversy, as this court would not have jurisdiction of a suit of the plaintiff against them. The application of each to intervene and become parties defendant in the suit is denied, and the plaintiff's motion to strike the intervening petition of each from the files is sustained, to which rulings the said interveners respectively except.

Orders will be entered accordingly.