Points Decided.

(June 11, 1917.)

## JAMES CALLAHAN, Appellant, v. HELEN ELIZABETH CALLAHAN, Respondent.

[165 Pac. 1122.]

BIAS AND PREJUDICE OF JUDGE—CHANGE OF VENUE—SHOWING—SUFFICIENCY OF.

1. When a motion for a change of venue, on the ground of the bias and prejudice of the trial judge, is supported by a sufficient showing, it is the duty of such judge to grant a change of venue, and such duty is mandatory and not discretionary.

2. A direct allegation of the fact of prejudice and bias on the part of a trial judge, based on the belief of affiant, and accompanied by a statement of the facts on which the belief is based as complete as the nature of the case admits of, constitutes a sufficient showing of bias and prejudice, to sustain an order for a change of venue on that ground, and this is particularly true where the trial judge expressly finds that he is disqualified and that sufficient grounds exist therefor.

3. An order granting a change of venue in a cause pending in a district court should, in the absence of an agreement, transfer the cause to the nearest court, judicial district and county, "where the like objection or cause for making the order does not exist," and such order should not designate the judge before whom such cause should be tried.

4. *Held*, order granting a change of venue affirmed, with directions to the trial court to amend same in conformity with the views herein expressed.

[As to application for change of judge or venue on the ground of bias of judge as ousting judge of jurisdiction, see note in Ann. Cas. 1916D, 1281.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Appeal from an order granting a change of venue on the ground of the prejudice of the judge. *Affirmed, with directions to amend order.*

Walter H. Hanson, for Appellant.

Before a change of venue can be granted, or another judge called in upon the application of the moving party to try a case, by reason of the alleged prejudice of the judge of the court in which the action is pending, it must clearly and affirmatively be established by the showing upon which the motion is based, that the judge in question has such a bias or prejudice as will in all probability prevent him from dealing fairly with the party asking the change. (*Higgins v. City of San Diego,* 126 Cal. 303, 58 Pac. 700, 59 Pac. 209; *People v. Findley,* 132 Cal. 301, 64 Pac. 472; *Dakan v. Superior Court,* 2 Cal. App. 52, 82 Pac. 1129; *Bassford v. Earl,* 162 Cal. 115, 121 Pac. 395; *People v. Compton,* 123 Cal. 403, 56 Pac. 44; *In re Smith,* 73 Kan. 743, 85 Pac. 584; *Keating v. Keating,* 169 Cal. 754, 147 Pac. 974; *Bell v. Bell,* 18 Ida. 636, 111 Pac. 1074.)

Whatever knowledge may repose within the breast of the judge must appear by affidavits. Inferences or presumptions arising from the judicial decision in no wise control. The judge must decide upon the facts averred in the affidavit without reference to his own knowledge of his state of mind. (*Bassford v. Earl, supra; People v. Compton, supra; Keating v. Keating, supra.*)

The court erred in changing the place of trial of said action to the district court of the eighth judicial district instead of to the district court of some adjoining county. (40 Cyc. 116; *Dudley v. Birmingham Ry. etc. Co.,* 139 Ala. 453, 36 So. 700; *State ex rel. Hooten v. McKinney,* 5 Nev. 194; *Armstrong v. Emmet,* 16 Tex. Civ. 242, 41 S. W. 87; *Isenhart v. Hazen,* 10 Kan. App. 577, 63 Pac. 451.)

The court erred in designating one of the judges of the eighth judicial district to try said cause in said district. (Sess. Laws of 1911, p. 6. amending secs. 3821, 3831, 3834 and 3835, Rev. Codes.)

Harry H. Parsons and Featherstone & Fox, for Respondent.

The granting or refusing of a change of venue lies in the sound discretion of the trial judge, which will not be dis-

turbed except upon the showing of a clear abuse thereof. Where the moving party makes a clear showing for a change of venue, the granting thereof is mandatory, and the refusal to grant is a manifest abuse of discretion, which will be corrected upon appeal. (*People v. Findley,* 132 Cal. 301, 64 Pac. 472; *Rand, McNally & Co. v. Turner,* 29 Ky. Law Rep. 696, 94 S. W. 643; *Multnomah County v. Willamette Towing Co.,* 49 Or. 204, 89 Pac. 389; *Schilling v. Buhne,* 139 Cal. 611, 73 Pac. 431; *State v. Armstrong,* 43 Or. 207, 73 Pac. 1022; *Ludwick v. Uwarra Min. Co.,* 171 N. C. 60, 87 S. E. 949; *Stockwell v. Haigh,* 23 N. D. 54, 135 N. W. 764; *Kirkwood v. School District.* 45 Colo. 368, 101 Pac. 343; *Crutchfield v. Martin,* 27 Okl. 764, 117 Pac. 194; *Carroll v. Charleston & S. R. Co.,* 61 S. C. 251, 39 S. E. 364; *Jones v. American Central Ins. Co.,* 83 Kan. 44, 109 Pac. 1077; *Day v. Day,* 12 Ida. 556, 86 Pac. 531, 10 Ann. Cas. 260.)

When an affidavit is presented in general terms for such a change, and the court has personal knowledge that he is disqualified to sit, a change of venue ordered by him upon the affidavit, and his own personal knowledge that he is disqualified, cannot be declared erroneous. (*Edwards v. Russell,* 21 Wend. (N. Y.) 68; *Moses v. Julian,* 45 N. H. 52, 84 Am. Dec. 114; *Gray v. Crockett,* 35 Kan. 66, 10 Pac. 452.)

This court will draw an inference of the existence of such bias and prejudice of the lower court from the failure of that court to make an affidavit. (*Keating v. Keating,* 169 Cal. 754, 147 Pac. 974; *Bassford v. Earl,* 162 Cal. 115, 121 Pac. 395; *Jones v. American Central Ins. Co., supra; Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924.)

In *Gordon v. Conor,* 5 Ida. 673, 677, 51 Pac. 747, it appeared that the appellants were entitled to a change of venue, but instead of granting the change of venue the court called in another judge. This court reversed the order of the trial court calling in another judge and ordered that the venue be changed.

BUDGE, C. J.—Appellant instituted an action, in the district court for the first judicial district, in and for Shoshone

county, for a decree of divorce from respondent. The respondent, after filling her answer and cross-complaint, made a motion for a change of venue, upon the ground that the Honorable William W. Woods, judge of said court, was disqualified, "because of the bias and prejudice of the said Judge," and based her motion upon the records and files in the action, and upon her affidavit, in which she stated: That she had been advised by certain residents of Shoshone county and that she believed, and therefore alleged, that she could not have a fair and impartial trial before said judge, by reason of his friendship for appellant and prejudice against respondent; that appellant had on numerous occasions stated to her that he could win any case in which he was a party before said judge, because of his long friendship and the influence which appellant had over him; that in some actions decisions had been rendered favorable to him, by reason of such influence and friendship; that when decisions had been rendered against him he had lost solely on account of the misconduct of his counsel; that the judge had been for more than thirty years a close and intimate friend and political associate of appellant, and by reason thereof respondent could not have a fair and impartial trial; and that said judge was apprised of certain matters which had taken place between the parties to the action, looking to condonation and settlement, after the suit had been filed, and would be a material witness upon the trial.

At the hearing of the motion counter-affidavits had not been filed, but the substance of the counter-showing, thereafter made and filed, was stated to and considered by the court in making the following order, to wit:

" .... The Court .... being fully advised in the premises, and it satisfactorily appearing to the said Judge that he is disqualified from trying the said cause, and that sufficient ground exists therefor,—

"Now, therefore, it is ordered, a change of the place of trial of the said action be and the same hereby is granted, and that the said cause be and the same hereby is transferred to the District Court of the Eighth Judicial District of the State

of Idaho, and to the Honorable Robert N. Dunn, one of the Judges of the said District Court."

On appeal from the above order, granting a change of the place of trial, appellant contends: First, that the showing made was insufficient to establish bias and prejudice; second, that if the showing was sufficient, a change of venue should not have been granted, but that another district judge should have been called in to try the case; third, that if the showing was sufficient and the judge was within his rights in ordering a change of venue, that the order is void for insufficiency in that it should have specified the particular county to which the cause was transferred; fourth, that if the showing was sufficient the order was void for the reason that it designated the particular judge, there being two judges in the district to which it was transferred.

Upon the first proposition appellant relies mainly upon the decision of this court in *Bell v. Bell*, 18 Ida. 636, 111 Pac. 1074, which reversed an order granting a change of venue under somewhat similar circumstances, upon the ground that the showing was insufficient, in that it did not recite the facts which were relied upon to establish the existence of prejudice and bias on the part of the judge. In the instant case an examination of the affidavit discloses the facts relied upon to establish the existence of bias and prejudice on the part of the trial judge, which we think are sufficient. (*Booren v. McWilliams*, 33 N. D. 339, 157 N. W. 117; *Faivre v. Mandercheid*, 117 Iowa, 724, 90 N. W. 76; *Morehouse v. Morehouse*, 136 Cal. 332, 68 Pac. 976.) In the latter case it was said:

"But here there is a direct allegation of the fact of prejudice and bias on the part of the judge; and, though the allegation is based—as in most cases it must be based—merely on the belief of affiant, yet it is accompanied by a statement of the facts on which the belief is based, as complete as the nature of the case admitted of; and this was all that could reasonably be required."

The latter case was quoted with approval in *Bassford v. Earl*, 162 Cal. 115, 121, 121 Pac. 395–398, wherein the order denying the motion for a change of venue was reversed, for

the reason that there was no affidavit of the trial judge opposing the movant's showing, the court saying:

"If such a statement was necessary in answer to the Bassford affidavit, and not only do we think it was, but from the affidavit of Mr. Wheeler it seems so to have been regarded by the respondents to that motion, the one person, who, with an informed mind, could make such a declaration, was the judge himself, and he does not do so."

The same rule was announced in *Keating v. Keating,* 169 Cal. 754, 147 Pac. 974; *Jones v. American Cent. Ins. Co.,* 83 Kan. 44, 109 Pac. 1077. Not only did the trial judge, in the case at bar, make no such affidavit, but, on the contrary, he expressly finds in his order that he is disqualified and that sufficient ground exists for a change of venue. The order, therefore, was properly granted.

Again referring to the Bell case, it will also be noted that that case was decided in 1910 and that section 4125, Rev. Codes, has been amended by ch. 96, Sess. Laws 1913, p. 385, to read as follows:

"The court *or judge must,* on motion, *when it appears by affidavit or other satisfactory proof,* change the place of trial in the following cases: . . . . " (Italics ours.)

In this amendment "may" has been changed to "must" and the other italicized portion has been added. Just what the legislature intended to include in the clause "other satisfactory proof" does not appear. But where the showing is such as appears in this record, and where the trial judge himself has expressly found that he was satisfied of his own disqualification and that sufficient grounds existed for a change of venue, it would not only be unjust to the parties litigant, but it would be an imposition upon the trial judge for this court to compel him to try the case under such circumstances.

The second point urged by appellant is equally without merit, in view of the language of sec. 4126, Rev. Codes, which provides that whenever the judge is disqualified in an action, "it must be transferred for trial to such other court of competent jurisdiction as may be agreed upon by the parties by

stipulation in writing in open court, and entered in the minutes; or, if they do not so agree, then to the nearest court where the like objection or cause for making the order does not exist." In other words, when a motion for a change of venue, on the ground of the bias and prejudice of the trial judge, is supported by a sufficient showing it is the duty of such judge to grant a change of venue, and such duty is mandatory and not discretionary. (*Gordon v. Conor*, 5 Ida. 673, 51 Pac. 747.)

Keeping the latter section in mind, appellant's third and fourth objections are readily disposed of. It is clear that the parties did not agree by stipulation in writing, entered in the minutes, or otherwise, that the cause should be transferred to any other court, and failing in this, the judge being disqualified, the statute fixes the court to which the cause should be transferred, namely, to another district court and "to the nearest court where the like objection or cause for making the order does not exist." What is the nearest court is a fact of which both the trial court and this court take judicial notice.

The order should have transferred the cause to the district court of the eighth judicial district for Kootenai county, without designating what judge should try the case. That portion of the order which designated the particular judge must be regarded as mere surplusage, in view of sec. 3829, Rev. Codes, as amended by ch. 4, Sess. Laws 1911, p. 6, which provides that the senior judge shall apportion the business of such district among such judges, as equally as may be.

The order appealed from is affirmed, and the trial judge who made the order, is directed to amend the same in conformity with the views herein expressed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.