(January 8, 1920.)

EFFIE M. NEWMAN, Plaintiff, v. DISTRICT COURT OF THE TENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE, and WALLACE N. SCALES, as Judge of said Court, Defendants.

[186 Pac. 922.]

ACTION — COURTS — JUDGES — DISQUALIFICATION—VENUE, CHANGE OF— MANDAMUS.

1.  C. S., sec. 6666, requiring a judge on motion to change the place of trial when from any cause he is disqualified, is mandatory and not discretionary, and if the parties have not by stipulation in writing or in open court and entered in the minutes agreed upon the transfer of the cause for trial to another court of competent jurisdiction, he must transfer the cause to the nearest district court where the like objection does not exist, as required by C. S., sec. 6667.

2.  When a district judge finds and adjudges that he is disqualified, but refuses to transfer the cause to the nearest court where a like objection does not exist, *mandamus* will lie to require him to do so.

[As to *mandamus* against judicial officers and tribunals, see note in 98 Am. St. 890.]

3.  A judge's finding that he is disqualified is not reviewable on an application for a writ of mandate.

Original proceeding for writ of mandate.   Writ issued.

J. F. Ailshie and A. S. Hardy, for Plaintiff.

"When a motion for change of venue, on the ground of the bias and prejudice of the trial judge, is supported by sufficient showing, it is the duty of such judge to grant a change of venue and such duty is mandatory and not discretionary." (*Callahan v. Callahan,* 30 Ida. 431, 436, 165 Pac. 1122; *Gordon v. Conor,* 5 Ida. 673, 51 Pac. 747.)

To allow the order of the judge, finding and adjudging himself disqualified, to be attacked by anyone in this case as

not being justified by the showing that was before him would clearly be a collateral attack and would not be allowed. (*Application of Allen,* 31 Ida. 295, 170 Pac. 921.)

"An appeal in some cases may not be a plain, speedy or adequate remedy in the due course of law, although an appeal might be given by statute, and in such cases a resort may be had to *mandamus.*" (*Fenton v. Board of Commissioners,* 20 Ida. 392, 119 Pac. 41; *Babcock v. Goodrich,* 47 Cal. 488; *Raisch v. Board of Education,* 81 Cal. 542, 22 Pac. 890; *Livermore v. Brundage,* 64 Cal. 299, 30 Pac. 848; *Careaga v. Fernald,* 66 Cal. 351, 5 Pac. 615; *Holtum v. Greif,* 144 Cal. 521, 78 Pac. 11; *Krumdick v. Crump,* 98 Cal. 117, 32 Pac. 800; *Best v. Parks,* 82 Or. 171, 161 Pac. 255.)

"The controlling question is not, 'Has the party a remedy, but is that remedy fully commensurate with the necessities and rights of the party under all the circumstances of the particular case?'" (*Sinclair v. Young,* 100 Va. 284, 40 S. E. 907; *Crook v. Newborg,* 124 Ala. 479, 82 Am. St. 190, 27 So. 432.)

Eugene A. Cox and Ewing Stephens, for Defendants.

Sec. 7255, C. S., provides that *mandamus* shall not be issued in cases where there is a plain, speedy and adequate remedy in the ordinary course of law. Sec. 7152 provides that an order granting or refusing a change of place of trial is appealable. It appears, therefore, that the plaintiff has a plain remedy at law. (*Blackwell Lumber Co. v. Flynn,* 27 Ida. 632, 150 Pac. 42; *State v. Whelan,* 6 Ida. 78, 81, 53 Pac. 2.)

The following citations are also in point, and the authorities in the various states are collected under the note in 26 Cyc., p. 173e; *Perrin v. State,* 81 Wis. 135, 50 N. W. 516; *Chicago & A. R. Co. v. Harrington,* 192 Ill. 9, 61 N. E. 622.

"The writ of *mandamus* issues only in case of necessity to prevent injustice or great injury. If there is a doubt of its necessity or propriety, it will not go." (26 Cyc., p. 146b.)

BUDGE, J.—This is an original proceeding for a writ of mandate to require the Honorable Wallace N. Scales, as judge of the district court of the tenth judicial district for Nez Perce county, to grant a motion for a change of venue. The motion was made on the ground of implied bias of the judge. Before ruling upon the motion, and at the request of the judge, the defendant in the action below filed a petition for an application to the Governor to call in another judge to try the case, whereupon the following order was made:

"Now, therefore, the judge of the above-entitled court hereby finds and adjudges that he is disqualified from trying the above-entitled cause; and it is further ordered and adjudged that the motion of the plaintiff be denied and that the judge of the above-entitled court refuses and declines to transfer the said cause for trial and the matter is left for such action as the Governor of the state of Idaho may see fit to take; to which ruling of the court the plaintiff excepts and her exception is allowed."

The defendant sets up in his answer (1) that he is not disqualified, (2) that a change of venue on the ground of disqualification of the judge is not mandatory where a petition to call in another judge is seasonably filed, and (3) that *mandamus* is not the proper remedy where there is a right of appeal.

This proceeding involves a construction of C. S., secs. 6666 and 6667. These sections have been recently construed by this court, and it was held that when a judge is disqualified, his duty to grant a change of venue to the nearest court where the like objection or cause for making the order does not exist is mandatory and not discretionary. (*Callahan v. Callahan*, 30 Ida. 431, 165 Pac. 1122.)

Nor is the mandatory nature of his duty in such a case affected by an application, either timely or otherwise, under subd. 4 of the latter section, to have the Governor call in another judge to try the case, where a motion has been made for a change of venue. A contrary holding would nullify the mandatory provision of the former section that the court

or judge must on motion change the place of trial. A motion having been made and the judge having found and adjudged that he is disqualified, no discretion remains in him to take any further action in the case of any nature whatsoever than to immediately transfer the cause as prescribed by these sections.

The merits of the judge's finding and order that he is disqualified are not before us in this sort of a proceeding. The only question presented by an application for a writ of mandate is whether or not the defendant is refusing to do or perform a mandatory ministerial duty. The merits of the order adjudging the judge disqualified are only reviewable upon appeal.

The right to apply to the Governor under subd. 4 of sec. 6667, *supra,* furnishes no adequate remedy for he may or may not, in his discretion or at his convenience, call in another judge to try the case.

Nor is the remedy by appeal in such a case speedy or adequate. The question in this class of cases is not solely whether some other remedy exists, but whether the other remedy, if it does exist, is a speedy one and adequate to meet the exigencies of the situation. It has been frequently held that the existence of a remedy by appeal is not conclusive as to the other elements involved in the remedy by *mandamus,* viz., speed and adequacy. In this particular case, the court had no judicial function to perform but the statute enjoined upon it a ministerial duty only. It was the right to the litigants to have this ministerial duty performed without delay. The writ in this case does not take the place of an appeal, for the reason that there was no judicial action for the court to perform and subject to review on appeal. (*Fenton v. Board of County Commrs.,* 20 Ida. 392, 119 Pac. 41; *Holtum v. Greif,* 144 Cal. 521, 78 Pac. 11; *Careaga v. Fernald,* 66 Cal. 351, 5 Pac. 615; *Ex parte State Bar Assn.,* 92 Ala. 113, 8 So. 768, 12 L. R. A. 134; *State v. Castleberry,* 23 Ala. 85.)

That *mandamus* will lie to compel a disqualified judge to grant a change of venue has long been regarded as settled law in jurisdictions having statutory provisions essentially

like our own.    (*Livermore v. Brundage,* 64 Cal. 299, 30 Pac. 848; *Drumdick v. Crump,* 98 Cal. 117, 32 Pac. 800; *Best v. Parks,* 82 Or. 171, 161 Pac. 255; *Crook v. Newborg,* 124 Ala. 479, 82 Am. St. 190, 27 So. 432; *Graham v. People,* 111 Ill. 253.)

Let the peremptory writ issue.

Rice, J., concurs.

MORGAN, C. J., Dissenting.—An appeal to this court from an order of a district court granting or refusing to grant a change of place of trial is allowed by C. S., sec. 7152. That remedy is plain—it is expressly provided for by statute; it is speedy—an appeal may be perfected immediately upon the filing of the order; it is adequate—C. S., sec. 6446 provides: "The court may reverse, affirm or modify any order or judgment appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had."

C. S., sec. 7255, contains the following provision with respect to *mandamus:* "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

This court said in *Beem v. Davis,* 31 Ida. 730, 175 Pac. 959: "The existence of an adequate remedy in the ordinary course of law, either legal or equitable in its nature, will prevent the issuance of the writ of mandate," and in *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40, wherein a writ of prohibition was sought, we quoted from *State ex rel. v. Seay,* 23 Mo. App. 623, as follows: "It is settled that *mandamus* does not lie when the party aggrieved has a remedy by appeal. . . . . By parity of reasoning prohibition, which is but a negative *mandamus,* should not lie unless, at least, the case presents features clearly indicative of the fact that the remedy by appeal is wholly inadequate." (See, also, *Blackwell Lumber Co. v. Flynn,* 27 Ida. 632, 150 Pac. 42; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *Saint Michael's Monastery v. Steele,* 30 Ida. 609, 167 Pac. 349; *Little v.*

*Broxon,* 31 Ida. 303, 170 Pac. 918; and *Hanson v. Weniger,* 31 Ida. 540, 173 Pac. 1085.)

The employment of the remedy by appeal in cases of this kind is the settled practice in this state. (*Gordon v. Conor,* 5 Ida. 673, 51 Pac. 747; *Day v. Day,* 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *Bell v. Bell,* 18 Ida. 636, 111 Pac. 1074; *Callahan v. Callahan,* 30 Ida. 431, 165 Pac. 1122.)