(August 4, 1923.)

DAVID BROWN and ELIZA BROWN, His Wife, Respondents, v. TAMARACK & CUSTER CONSOLIDATED MINING COMPANY, a Corporation, Appellant.

[218 Pac. 363.]

INJURIES TO REAL PROPERTY—ACTION FOR—CONVENIENCE OF WITNESSES —ENDS OF JUSTICE.

1. An action for injuries to real property should be brought in the county in which such property is situated.

2. Under C. S., sec. 6666, subd. 3, a court is not required to change the place of trial unless the "ends of justice" as well as the "convenience of witnesses" will be promoted by such change.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Appeal from an order refusing to change place of trial. *Affirmed.*

C. W. Beale, for Appellant.

The provisions of C. S., sec. 6666, are mandatory. '(*Newman v. District Court*, 32 Ida. 607, 186 Pac. 922; *Salsberry v. Connolly*, 43 Nev. 182, 183 Pac. 391.)

The showing made by the plaintiffs in opposition to the motion of defendant on the ground that it could not have a fair and impartial trial in the county of Kootenai was insufficient. (*Gibbert v. Washington Water Power Co.*, 19 Ida. 637, 115 Pac. 924.)

Plaintiffs did not make any sufficient showing to combat the showing of the defendant as to the convenience of its witnesses, and did not make any showing that they had any witnesses, or as to what they could prove by any witnesses, or that they were advised by their attorneys that their witnesses were material or necessary, or as to the residence or occupation of any witness they expected to have at the trial.

(*Shirley v. Nodine,* 1 Ida. 696; *Cook v. Pendergast,* 61 Cal. 72; *Smith v. Mack,* 24 N. Y. Supp. 131, 70 Hun, 517; *Lyman v. Grammercy Club,* 50 N. Y. Supp. 1004; *Chapin v. Overin,* 25 N. Y. Supp. 627.)

Chas. L. Heitman, for Respondents.

The burden is upon the defendant in an application for change of venue. (*Curren v. Story,* 41 N. D. 361, 170 N. W. 875; 40 Cyc. 137.)

The discretion of the court is subject to revision only in case of abuse. (*Pierson v. McCahill,* 22 Cal. 128; *Miller & Lux v. Kern Co.,* 140 Cal. 137, 73 Pac. 836; *Louisiana & N. W. R. v. Smith,* 74 Ark. 172, 85 S. W. 242; *Michael v. Mills,* 22 Colo. 439, 45 Pac. 429; *Doll v. Stewart,* 30 Colo. 320, 70 Pac. 326, 77 Pac. 1092; *Vaughn v. Hixon,* 50 Kan. 773, 32 Pac. 358.)

DUNN, J.—This is an appeal from an order of the district court of Kootenai county refusing to change the place of trial.

The action was brought by respondents to recover for damage by appellant to certain lands and personal property situated in Kootenai county. Appellant demurred and answered, and at the same time filed a demand in writing that the trial be had in Shoshone county for the reason that Kootenai was not the proper county. (C. S., sec. 6665.) Appellant also filed a formal motion, supported by affidavits, for change of venue under C. S., sec. 6666, setting up twelve grounds, including all those in said section except the disqualification of the judge. Counter-affidavits were filed by respondents.

No discussion of the demand that trial be had in Shoshone county, or the formal motion for a change of venue because the county designated in the complaint was not the proper county, is necessary. The action being brought for injury to real property situated in Kootenai county, C. S., sec. 6661, leaves no room to doubt that the proper place of trial, unless the court for good cause should change it, is

in that county. The subject of the action is the damage to the land situated in Kootenai county and is not, as claimed by appellant, the alleged "casting and depositing by said defendant of crushed rock, earth, tailings and slimes, including lead, silver and other metallic substances, into the waters of —— Creek mentioned in the complaint."

The attempt of appellant to show that a fair trial could not be had in Kootenai county was amply met by counter-affidavits of respondents.

Appellant strongly urges that the court should have changed the place of trial to Shoshone county because of the convenience of witnesses, but the statute does not make this fact alone, if it should be conceded that the showing was entirely satisfactory on that point, a ground for changing the place of trial. So far as this ground is concerned, the court is required to change the place of trial only "when the convenience of witnesses and the ends of justice would be promoted by the change."

Appellant urges that the provisions of C. S., sec. 6666, are mandatory, citing *Newman v. Dist. Court,* 32 Ida. 607, 609, 186 Pac. 922, and *Callahan v. Callahan,* 30 Ida. 431, 165 Pac. 1122. They are mandatory, but not until the applicant for the change has established one or more of the grounds mentioned in said section.

We are of the opinion that the trial judge did not err in refusing to change the place of trial. The order appealed from is therefore affirmed. Costs to respondents.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.