## MORRIS et al. v. WISCONSIN HYDRO ELECTRIC CO.

District Court, S. D. New York.
Oct. 28, 1933.

Simpson, Thacher & Bartlett, of New. York City, for the motion.

Miner W. Tuttle, of New York City (Melvin G. Palliser and William C. Gehring, both of New York City, of counsel), opposed.

WOOLSEY, District Judge.

This motion is in all respects denied.

Now that I am satisfied that I have jurisdiction of the second cause of action because the aggregate amount claimed therein, together with the amount claimed in the first cause of action, is far above the necessary amount to give this court jurisdiction, cf. Kaus v. American Surety Company (D. C.) 199 F. 972, 975, my only concern here-in has been the locus standi of the plaintiffs Hugh M. Morris and Harold S. Schutt, who describe themselves as receivers of the People's Light & Power Company, a corporation of Delaware, appointed by the United States District Court for Delaware, to maintain an action in this court.

I have come to the conclusion, however, that the locus standi of the receivers as plaintiffs cannot be successfully challenged.

1. By reason of the fact that the note on which the first cause of action is founded was made to them—described "as receivers" —long after their appointment, and in the second cause of action the services are alleged to have been rendered long after their appointment, and

2. Because under Delaware law, section 3884 (section 41 of the act) of the Revised Code of Delaware of 1915, of which I am required to take judicial notice, receivers of a Delaware corporation are "without any act or deed" vested with title to all property thereof save real estate situated outside of Delaware. Thus as assignees by law of the corporate assets to the extent noted they are entitled to maintain such an action as this in any jurisdiction. Bernheimer v. Converse, 206 U. S. 516, 534, 27 S. Ct. 755, 51 L. Ed. 1163; Converse v. Hamilton, 224 U. S. 243, 259, 260, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. It becomes, therefore, unnecessary to consider the interesting question whether a federal court should in a removed case adopt the doctrines of comity observed in the New York state courts towards receivers appointed in other states.

Settle order on notice.